# United States Court of Appeals
## For the First Circuit

No. 99-1656

PHUC MINH NGUYEN,

Petitioner, Appellant,

v.

JANET RENO, ATTORNEY GENERAL
OF THE UNITED STATES, ET AL.,

Respondents, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Reginald C. Lindsay, U.S. District Judge]

Before

Torruella, Chief Judge,
Lynch and Lipez, Circuit Judges.

Randy Olen for appellant.
Lyle D. Jentzer, Attorney, Office of Immigration Litigation, David W. Ogden, Acting Assistant Attorney General, Civil Division, and Terri J. Scadron, Senior Litigation Counsel, Office of Immigration Litigation, for appellees.

**LYNCH, Circuit Judge**. Phuc Minh Nguyen appeals from the dismissal of his habeas corpus petition, a petition that challenges an August 14, 1997, Board of Immigration Appeals (BIA) final order of deportation. The BIA found that Nguyen had been convicted in state court for a crime of moral turpitude within five years of his entry to this country and thus was deportable under former Immigration and Naturalization Act (INA) § 241(a)(2)(A)(i), 8 U.S.C. § 1251(a)(2)(A)(i) (1994).[1] The order also denied Nguyen withholding of deportation. Nguyen was ordered deported to Australia, where he has two sisters, and if Australia does not accept him, to his native land of Vietnam. We affirm and lift the stay of deportation.

The first question presented is whether assault in the second degree under Connecticut General Statutes § 53a-60, the state crime involved, is a crime of moral turpitude. That is a question we review de novo, with consideration given to the agency's view. See Herrera-Inirio v. INS, No. 99-1852, 2000 WL 340543, at *2 (1st Cir. April 5, 2000); Cabral v. INS, 15 F.3d

---

[1] INA § 241(a)(2)(A)(i), 8 U.S.C. § 1251(a)(2)(A)(i) (1994) has been renumbered as INA § 237(a)(2)(A)(i), 8 U.S.C. § 1227(a)(2)(A)(i). See Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, § 305(a)(2), 110 Stat. 3009-546.

193, 194 (1st Cir. 1994). Nguyen was convicted in 1993 for an assault on his wife that left her bloodied and sent her to the hospital. He was sentenced to three years of imprisonment, suspended after one year, and two years of probation. His conviction was under subsection (a) of § 53a-60, which provides:

> A person is guilty of assault in the second degree when: (1) With intent to cause serious physical injury to another person, he causes such injury to such person or to a third person.

Conn. Gen. Stat. § 53a-60(a).

The focus of the moral turpitude analysis is on the inherent nature of the crime of conviction, as opposed to the particular circumstances of the actual crime committed (subject to some wrinkles as to the types of documentation that may be consulted). See Maghsoudi v. INS, 181 F.3d 8, 14 (1st Cir. 1999). The definition of "moral turpitude" is established and accepted by both parties, and we quote only a portion:

> Moral turpitude refers generally to conduct . . . contrary to the accepted rules of morality and the duties owed between persons or to society in general . . . . an act which is per se morally reprehensible and intrinsically wrong.

Id. (citations omitted).

Nguyen's argument is that BIA precedent requires that the assault have some aggravating dimension, and he correctly relies for this proposition on In re Fualaau, Int. Dec. 3285, 1996 WL 413576 (BIA 1996). He also correctly says that an assault may or may not be a crime of moral turpitude and that

the dividing line is the aggravating element.  See id.; Matter of Danesh, 19 I. & N. Dec. 669, 670-73 (BIA 1988).  His core argument is that there was no aggravating dimension to the assault he committed because there was no weapon involved, the assault did not result in death, and the victim did not belong to any specially protected category (such as a prison guard).

There was, however, an aggravating dimension to the assault, one that is explicit in the statute of conviction. Assault in the second degree requires that the defendant intended to cause and did in fact cause "serious physical injury" to the victim.  Conn. Gen. Stat. § 53a-60(a)(1). "Serious physical injury," in turn, is defined as "physical injury which creates a substantial risk of death, or which causes serious disfigurement, serious impairment of health or serious loss or impairment of the function of any bodily organ." Id. § 53a-3(4).  That is sufficient for the statutory crime to meet the definition of a crime of moral turpitude.  It is intrinsically wrong to cause serious injury intentionally to another person.  We know of no civilian moral code, secular or religious, that permits one to seriously injure another person by assault while intending to do so.

Even if he was properly deportable, Nguyen argues that he should not be deported because he met the criteria for withholding of deportation under former INA § 243(h), 8 U.S.C.

-4-

§ 1253(h) (1994),[2] and that the IJ and BIA erred in finding that he had not established eligibility for this relief. Withholding of deportation is available where the Attorney General finds that the "alien's life or freedom" would be threatened upon return to his home country "on account of race, religion, nationality, membership in a particular social group, or political opinion." INA § 243(h)(1), 8 U.S.C. § 1253(h) (1994); Mequenine v. INS, 139 F.3d 25, 26 (1st Cir. 1998). The burden is on the alien seeking withholding of deportation to show a clear probability of persecution upon deportation.[3] See INS v. Stevic, 467 U.S. 407, 413 (1984). We review the BIA's decision that Nguyen is not eligible for withholding of deportation to determine if it is supported by substantial evidence.[4] Mequenine, 139 F.3d at 27. Under former INA § 243(h)(2), an alien convicted of an aggravated felony is not eligible for withholding of deportation. Congress expanded the definition of aggravated felony in the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. No. 104-208, § 321(a)(3), 110 Stat. 3009-546, to include a crime of violence for which the

---

[2]    A similar form of relief is now available under INA § 241(b)(3), 8 U.S.C. § 1231(b)(3).

[3]    A different standard applies to refugees seeking asylum. See INS v Cardoza-Fonseca, 480 U.S. 421, 430-31 (1987).

[4]    The BIA did not rest on the IJ's alternative ground that, even if Nguyen were eligible for withholding, he would exercise his discretion against Nguyen. If that had been the basis for the BIA's decision, review would have been for abuse of discretion. See Mequenine, 139 F.3d at 27 n.1.

term of imprisonment is at least one year. See INA § 101(a)(43)(F), 8 U.S.C. § 1101(a)(43)(F). Arguably, Nguyen is not eligible for withholding of deportation as a result. Like the BIA, however, we will assume, arguendo, that Nguyen nonetheless remained eligible for this relief, and we evaluate his case under the pre-IIRIRA, more lenient standards.

Nguyen's argument, which the BIA rejected on a variety of grounds,[5] was that he fled his home rather than report for induction into the Vietnamese military when he was seventeen years old and that he did so because of his opposition to the communist regime. He testified that he engaged in no overt political activities to express his views because he feared to do so and that the Vietnamese police continue to search for him and to create problems for his parents. He emigrated to the United States in 1991. If he returns to Vietnam, he fears he would be jailed. Three of his brothers failed to appear for military duty after they received induction notices and were sent to labor camps.

---

[5] The BIA did not rely on the IJ's determination that Nguyen was not particularly credible and that he may never have received an induction notice. To the extent that the IJ's credibility determinations turned on Nguyen's failure (a decade later and after having emigrated to the United States) to produce the induction notice or other draft papers, we think the BIA was wise to rely on other grounds. That is an unrealistic burden to place on an alien. Cf. Gailius v. INS, 147 F.3d 34, 45 (1st Cir. 1998) (rejecting requirement that asylum applicants identify their persecutors where their fear is of clandestine groups). In any event, the IJ also found that even if Nguyen's claims were true, he still had not made out a case of eligibility.

Under the precedent, it is difficult, but not impossible, for a claimant to make a case for withholding of deportation based on a history of draft evasion in his native country. "[A] person may qualify as a refugee if he is singled out for [military] service because he is a member of an enumerated group or if -- where he refuses service -- he is subject to disproportional punishment on account of his group membership." Foroglou v. INS, 170 F.3d 68, 71 (1st Cir.), cert. denied, 120 S. Ct. 60 (1999). However, "[i]t is not persecution for a government to require military service of its citizens." Id. That is because "punishment for refusing to serve would not be persecution . . . on account of the objector's religious or political opinion, but instead would be because of his refusal to fight for the government." Foroglou, 170 F.3d at 71 (internal quotation marks and citations omitted). There is no claim that Nguyen was subjected to Vietnam's universal conscription on account of his beliefs or affiliations.

Viewing the entire record, there is substantial evidence to support the BIA's determination that Nguyen failed to make his case and so the order must be affirmed. The BIA did not ignore Nguyen's evidence of the repressiveness of the Vietnamese regime or of the harsh punishment imposed there on draft evaders. Even accepting that evidence, the BIA could reasonably conclude that Nguyen had nothing more to fear than prosecution for violating the country's draft laws, and this prosecution would not be "on account of" one of the five

-7-

categories Congress has chosen to protect.  Nor would it be "persecution."  <u>See</u> <u>id.</u> at 71.

We <u>affirm</u> the dismissal of the petition for habeas corpus and <u>vacate</u> the stay of deportation.[6]

---

[6]    Nguyen has filed a motion to reopen with the BIA.  The BIA, apparently, has not yet acted on that motion.