# United States Court of Appeals
## For the First Circuit

---

No. 00-1133

JUAN ANTONIO MONTERO-UBRI,

Petitioner, Appellant,

v.

IMMIGRATION AND NATURALIZATION SERVICE,

Respondent, Appellee.

---

ON PETITION FOR REVIEW OF AN ORDER OF

THE BOARD OF IMMIGRATION APPEALS

---

Before

Torruella, Chief Judge,

Lynch and Lipez, Circuit Judges.

---

William E. Graves, Jr. and Desai & Graves on brief for appellant.
Joan E. Smiley, Office of Immigration Litigation, Civil Division, Department of Justice, David W. Ogden, Acting Assistant Attorney General, Civil Division, and Karen Fletcher Torstenson, Assistant Director, Civil Division, on brief for appellee.

---

October 6, 2000

---

**LYNCH, Circuit Judge**.  Petitioner seeks review of an order of deportation that was based on a finding that his conviction of violating M.G.L. c. 90 § 24B constituted a crime of moral turpitude.  See 8 U.S.C. § 1101 (Supp. 1997).  That section of the Massachusetts criminal law is entitled: "Stealing, forging, or other falsification of learner's permit, operator's license, certificate of registration or inspection sticker; use or possession; penalties; suspension and reinstatement of license or right to operate motor vehicle."

We have jurisdiction to review whether the conviction is for a criminal offense which constitutes a crime of moral turpitude, as the INS concedes.  See Maghsoudi v. INS, 181 F.3d 8, 13 n.12 (1st Cir. 1999); see also Sousa v. INS, No. 99-2049, slip op. at 4-5 (1st Cir. Sep. 2, 2000).  As we noted in Nguyen v. Reno, 211 F. 3d 692 (1st Cir. 2000), the statutory term "crime of moral turpitude" is generally understood to mean:

> conduct . . . contrary to the accepted rules of morality and the duties owed between persons or to society in general . . . . an act which is per se morally reprehensible and intrinsically wrong.

Id. at 695.

-3-

The question here is not whether a particular crime is a crime of moral turpitude. Rather, the question is whether the conviction under M.G.L. c. 90 § 24B, a statute which encompasses a number of offenses, was for mere possession of a fraudulent driver's license or whether it was for use of a fraudulent driver's license. The BIA has held that use of a fraudulent driver's license is a crime of moral turpitude.[1] See Matter of Serna, 20 I. & N. Dec. 579 (BIA 1992); cf. Zaitona v. INS, 9 F.3d 432, 437-438 (6th Cir. 1993). The Immigration Judge here found that the offense was for use of a fraudulent license. The BIA affirmed. See In re Montero-Ubri, No. A44-877-524-Boston (BIA Jan. 12, 2000).

Petitioner launches a two-fold attack. He says the agency is precluded as a matter of law from relying on the documents and information it did and that in any event those documents and information do not establish "use," but only "possession."

---

[1] Montero-Ubri argues that not all "uses" are crimes of moral turpitude, and that there should be some inquiry into how the fake license was used. That argument is antithetical to his primary argument that the agency cannot look beyond the categories in the statute.

The agency has said it will not look into the underlying facts of the particular crime, but will focus first on the statute of conviction.  See Matter of Ajami, Interim Decision 3405 (BIA 1999); see also Matter of Short; 20 I. & N. Dec. 136 (BIA 1989).  If the statute of conviction, as here, includes both crimes of moral turpitude and others, then the agency may look to the indictment, the charging papers, the conviction documents, and the like to see which type of crime was involved.  Ajami, Interim Decision 3405.

Here, the focus was on exactly those documents.  The sentencing document shows petitioner pled guilty to "using" a false motor vehicle document.  That document shows that there were related charges, continued without a finding, for illegally operating a motor vehicle without being duly licensed.  From this, the IJ drew the quite sensible conclusion that petitioner had used a false license in connection with operating the car.  The attempt at deceit is inherent in this act.  There is no basis to fault this factual conclusion.

Petitioner's other argument is that because he was never convicted of those of the charged crimes which were continued without a finding, and per force these non-convictions

were not the basis of the deportation order, there was error in considering this information. There was no error. The push in the law toward categorical approaches to classifying crimes as either involving moral turpitude or not is largely based on the policy of not retrying prior criminal convictions in later deportation hearings. Cf. United States v. Damon, 127 F.3d 139, 145-46 (1997). No such interest is served by precluding consideration of basic facts stated on the official court records of the charging and conviction documents. The categorical approach does not require that blinders be worn.

The petition for review is dismissed and the stay of deportation is lifted. So ordered.