# United States Court of Appeals
## For the First Circuit

No. 04-1824

BERNARD CHICKWENDU IBE,

Petitioner,

v.

ALBERTO GONZALES, Attorney General,

Respondent.

PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

Before

Torruella, Selya, and Lynch
Circuit Judges.

Derege B. Demissie and Demissie & Associates on brief for petitioner.
Deborah N. Misir, Trial Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Peter D. Keisler, Assistant Attorney General, Civil Division, and Julia Doig Wilcox, Senior Litigation Counsel, on brief for respondent.

July 14, 2005

**LYNCH**, **Circuit Judge**.  The only question presented is whether an immigrant charged with removal (based on overstaying a visa and on marriage fraud) was denied due process when the Immigration Judge (IJ) during the removal hearing inadvertently failed to record testimony of two witnesses but then recreated a record of their testimony, with the assistance of counsel, from her notes.  There was no denial of due process.  The petition for review is denied.  The effect of this, inter alia, is that Ibe will be deported and barred from being granted future visa applications.

## I.

Bernard Chickwendu Ibe, a native and citizen of Nigeria, was admitted into the United States on July 24, 1997, as a non-immigrant visitor with permission to remain in the country for six months.  He remained longer than permitted.  On January 17, 2001, the Immigration and Naturalization Service (INS)[1] issued him a notice of removability based on two grounds: his having overstayed his visa, 8 U.S.C. § 1227(a)(1)(B), and his being an alien who sought to procure an immigration benefit by willfully misrepresenting a material fact through entering into a marriage for the purpose of obtaining immigration benefits,  8 U.S.C.

---

[1] On March 1, 2003, the INS ceased to exist and its principal functions were transferred to the Bureau of Immigration and Customs Enforcement in the Department of Homeland Security.  See Homeland Security Act of 2002, Pub. L. No. 107-296, § 471, 116 Stat. 2135, 2205 (codified as amended at 6 U.S.C. § 291(a)).  We refer to the agency as the INS throughout this opinion.

§ 1227(a)(1)(A); 8 U.S.C. § 1182(a)(6)(C)(i).

At his initial removal hearing on May 1, 2001, Ibe applied for adjustment of status to that of lawful permanent resident based on his purported marriage to Tamar Ellis in 2000, and in the alternative for voluntary departure. The IJ scheduled a second removal hearing to adjudicate the marriage-fraud claim (for Ibe admitted he had overstayed his visa). Testimony was heard on several days from July to September 2002. Ibe testified, as did his purported wife, Tamar Ellis, and two friends, Charles Iwejuo and Stanley Chukweuzi. Iwejuo and Chukweuzi also submitted affidavits. After the oral testimony of witnesses Iwejuo and Chukweuzi, the IJ realized that she had accidentally forgotten to tape record their testimony (which was consistent with their affidavits), and from her notes and with help from counsel for both sides, she restated on the record the substance of their statements.

INS Special Agent Seth Plumb, the investigating officer for Ibe's case, testified for the government. The government entered into evidence Ibe's wife's withdrawal of her I-130 petition filed on Ibe's behalf. The I-130 petition was a prerequisite to his application for adjustment of status. See 8 U.S.C. § 1255(a).

The IJ rendered a decision on February 3, 2003, finding the defendant removable both because he had overstayed his visa and because he had entered into a marriage for the purpose of obtaining

-3-

an immigration benefit. The IJ pretermitted Ibe's application for adjustment of status because, due to the withdrawal of the I-130 petition, there was no approved visa petition for Ibe. Based on the marriage-fraud finding, the IJ held that Ibe was permanently barred from being granted a visa petition in the future, pursuant to 8 U.S.C. § 1154(c)(1). The IJ also denied Ibe voluntary departure because he had produced no evidence of a valid passport, and therefore was statutorily ineligible for that relief, and in the alternative denied voluntary departure as a matter of discretion based on the marriage-fraud finding.

Ibe appealed the IJ's decision to the Board of Immigration Appeals (BIA), arguing, inter alia, that the failure to tape record the testimony of Iwejuo and Chukweuzi denied Ibe his right to a full and fair hearing. On May 28, 2004, the BIA adopted and affirmed the decision of the IJ. In addressing the claimed unfairness of Ibe's hearing, the BIA found:

> [Ibe] has not demonstrated any deficiency by the [IJ] in applying legal standards, in evaluating the testimonial and documentary evidence presented, or otherwise in conducting [her] hearings. Moreover, [Ibe] has not demonstrated any resultant prejudice such as would constitute a due process violation, particularly in view of his failure to establish eligibility for relief from removal.

Ibe timely petitioned for review of the BIA's decision.[2]

---

[2] Alberto Gonzales was sworn in as Attorney General of the United States on February 3, 2005. We have substituted him for John Ashcroft, previous holder of that office, as the

-4-

On appeal, Ibe argues that the BIA's affirmance of the IJ's decision without the full recorded testimony of Iwejuo and Chukweuzi denied him his right to a full and complete administrative review and violated his due process rights. See Laurent v. Ashcroft, 359 F.3d 59, 62 (1st Cir. 2004). Our review of whether the IJ's actions violated Ibe's due process rights is de novo. Aguilar-Solis v. INS, 168 F.3d 565, 568 (1st Cir. 1999).

We reject Ibe's argument. True, the IJ has a "duty to prepare a reasonably accurate, reasonably complete transcript," Ortiz-Salas v. INS, 992 F.2d 105, 106 (7th Cir. 1992); see 8 C.F.R. § 1240.47. That duty was met here. After the accidental failure to record the testimony of two witnesses, the IJ created a record of their testimony from her notes and their written statements with assistance from both counsel and without objection. This does not rise to the level of a due process violation. Ibe offers nothing indicating that the record, as recreated, is inaccurate.

Further, Ibe has failed even to argue that he was prejudiced by the error here, an essential requirement of a due process claim. See Ortiz-Salas, 992 F.2d at 106. There could be no prejudice as to Ibe's principal claim for adjustment of status, because the IJ was correct in holding that he lacked the statutory

respondent. See Fed. R. App. P. 43(c)(2).

-5-

predicate for that relief due to his wife's withdrawal of her I-130 petition on his behalf.  <u>See</u> 8 U.S.C. § 1255(a).

The only effect of the marriage-fraud finding (the only issue as to which Iwejuo's and Chukweuzi's testimony was relevant) was the holding that Ibe would be barred from applying for a visa in the future, pursuant to 8 U.S.C. § 1154(c)(1).  Given Ibe's counsel's admission that the content of the two witnesses' testimony would provide nothing more than existed in their affidavits, which are a part of the record, there could be no serious claim of prejudice on this issue.  We also find that the BIA's affirmance based on this record neither violated Ibe's statutory right to administrative review nor his right to due process.

We **affirm** the decision of the BIA and deny the petition for judicial review.