# United States Court of Appeals
## For the First Circuit

No. 06-1640

UNITED STATES,

Appellee,

v.

CARLOS AYALA-LOPEZ,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Jay A. García-Gregory, U.S. District Judge]

Before

Selya, Lynch and Howard,
Circuit Judges.

Rachel Brill, William Matthewman and Seiden, Adler & Matthewman, P.A., and Juan A. Pedrosa-Trapaga on brief for appellant.
Nelson Pérez-Sosa, Assistant U.S. Attorney, Jacqueline D. Novas, Assistant, U.S. Attorney, and Rosa Emilia Rodriguez-Velez, United States Attorney on brief for appellee.

July 27, 2006

**Per Curiam**.  Defendant-appellant Carlos L. Ayala-Lopez is the subject of three notices by plaintiff-appellee United States of America under 18 U.S.C. § 3593(a), stating the bases of its intent to seek the death penalty for the murder of a policeman employed by the United States Department of Veterans Affairs.  Ayala-Lopez moved to strike the latest version of the notice submitted by the appellee, but the U.S. District Court for the District of Puerto Rico denied the motion.  Ayala-Lopez seeks immediate review in this court, arguing that the denial constitutes a 'collateral order' relative to the final judgment rule.  See 28 U.S.C. § 1291 ("The courts of appeals ... shall have jurisdiction of appeals from all final decisions of the district courts of the United States ....").  The government has moved to strike the appeal, but we ordered merits briefing while that motion was held in abeyance.  The briefing is now complete.

We note that two other circuits have found this type of appeal amenable to the collateral-order rule.  See United States v. Ferebe, 332 F.3d 722 (4th Cir. 2003)("[W]e conclude that district court orders denying motions to strike Death Notices are collateral orders susceptible to our review."); United States v. Wilk, 2006 WL 1685798, --- F.3d --- (11th Cir. 2006)("We agree with our sister circuit...").  We shall assume in defendant-appellant's favor, without deciding, that this is a correct interpretation of the collateral-order rule.  See generally Restoration Preservation

-2-

Masonry, Inc. v. Grove Europe Ltd., 325 F.3d 54, 59-60 (1st Cir. 2003)(inquiry into statutory jurisdiction is not mandatory predicate to reaching merits). In any event, there is no need to reach a more difficult non-Article III issue of appellate jurisdiction if the case may be easily disposed of on the merits. See Parella v. Ret. Bd. of R.I. Employees' Ret. Sys., 173 F.3d 46, 53-57 (1st Cir. 1999).

On the merits, Ayala-Lopez argues that the amended notice of intent to seek the death penalty was not provided "a reasonable time before trial" as per § 3593(a). Ayala-Lopez cites Ferebe, supra, for the proposition that "a reasonable time" is to be measured 'objectively.' Id. at 731. His primary argument is that he need not show any prejudice for the time period to be unreasonable. The Ferebe majority apparently concluded that reasonableness was to be measured without reference to prejudice to the defendant. But cf. Wilk, supra, (applicable test is objective reasonableness, determined by consideration of the totality of circumstances). His argument is no doubt motivated by the fact that he has suffered no prejudice.

Ayala-Lopez's trial in the district court began on February 15, 2006 with voir dire, as per a scheduling order of December 8, 2005. The amended notice in question was served on December 19, 2005. The original notice of intent to seek the death penalty was served in December 2003, and a prior amended notice was served in

May 2005. The timing of this third notice does not fall short of any test for objective reasonableness. It contained no substantive changes from a prior amended notice, which was served in May 2005. It only corrected cross-references to renumbered counts in the latest version of the indictment, while leaving the allegations of aggravating factors exactly the same as the May 2005 notice.

Contrary to appellant's alternate argument that he has suffered prejudice, this purely technical, non-substantive change created no uncertainty about the government's intent to continue pursuing the death penalty, and it imposed no additional burden of preparation on defense counsel. Since the December 2005 notice contained no substantive changes from the notice served in May 2005, it raises no serious issue of reasonable timing in its own right. Rather, again in defendant's favor, we will take the May 2005 notice, which added aggravating factors to those listed in the original notice, as the proper reference point for determining whether the defense was given sufficient advance warning of the government's bases for seeking the death penalty. The December 2005 amendment has no practical impact on the determination. Consequently, even assuming that an 'objective' standard of reasonableness applies and, dubitante, that actual prejudice is not required, service of the last amended notice nearly two months before the trial proceedings of February 15 did provide a reasonable interval of time in compliance with § 3593(a).

-4-

Ayala-Lopez contends that § 3593(a) requires that service of a notice of intent to seek the death penalty be made on him personally, as opposed to his lawyer. This contention is untenable. The Eleventh Circuit, confronted with an identical argument, rejected it out of hand in a single footnote. Wilk, supra, at n.32. The rules by which courts and counsel operate presuppose that communications, oral or written, with represented parties will be through their attorneys. See Fed.R.Crim.P. R. 49(b); Model Rules of Prof'l Conduct R. 4.2. The reference in § 3593(a) to notice being "serve[d] on defendant" must be taken to have been drafted with awareness of this settled practice.

Ayala-Lopez also contends that it was improper to allow amendment of the notice of intent to seek the death penalty absent a "showing of good cause" in conformity with § 3593(a). Even without express leave of the district court, the allowance of the amendment indicates an implicit finding of good cause, which makes sense given that the amendment followed soon after the issuance of a superceding indictment, was wholly technical in nature, and did not change the substantive notification about the aggravating factors to be alleged by the government.

For the reasons stated above, we also reject Ayala-Lopez's contention that the errors he alleges cumulate decisively in favor of reversal.

The order denying the "Motion to Strike the Government's

-5-

'Third Notice of Intent to Seek the Death Penalty Against Carlos Ayala Lopez'" is <u>affirmed</u>.  The "United States' Motion to Strike Interlocutory Notice of Appeal for Lack of Jurisdiction" is <u>denied</u> as moot.

<span style="color:blue"><u>    </u></span>