**Not For Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 06-2457

FRANK IGWEBUIKE ENWONWU,

Petitioner,

v.

ALBERTO R. GONZÁLES, ATTORNEY GENERAL,

Respondent.

ON PETITION FOR REVIEW OF AN ORDER OF THE
BOARD OF IMMIGRATION APPEALS

Before

Lynch, <u>Circuit Judge</u>,
Campbell, <u>Senior Circuit Judge</u>,
and Howard, <u>Circuit Judge</u>.

<u>Morton Sklar</u> and <u>Monique Beadle</u> on brief for petitioner.
<u>Andrew C. MacLachlan</u>, <u>Ernesto H. Molina, Jr.</u>, and <u>Peter D. Keislser</u> on brief for respondent.

May 10, 2007

**Per Curiam**.   This is Frank Igwebuike Enwonwu's second petition for review of a determination by the Board of Immigration Appeals ("BIA") that he is ineligible for relief under the Convention Against Torture ("CAT").[1]   In Enwonwu v. Gonzales, 438 F.3d 22 (1st Cir. 2006) ("Enwonwu I"),[2] we dismissed Enwonwu's constitutional claims but remanded his claim for CAT relief to the BIA for "further consideration . . . in light of its failure to address the second ground in the IJ's decision," id. at 35, i.e., that Enwonwu would likely be tortured in retaliation for his cooperation with the Drug Enforcement Administration ("DEA") in their investigation of other Nigerian drug traffickers.   On remand, the BIA issued a new decision addressing the issue and finding Enwonwu ineligible for CAT relief on that ground.   Enwonwu has now filed a petition for review of the BIA's decision on remand, raising various procedural and substantive challenges to the BIA's decision.   The respondent counters those challenges and, in addition, makes several threshold arguments.   One such argument turns on the scope of this court's jurisdiction to review

---

[1]The Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, Dec. 10, 1984, 1465 U.N.T.S. 85, was implemented in the United States by the Foreign Affairs Reform and Restructuring Act of 1998, Pub. L. No. 105-277, § 2242, 112 Stat. 2681-761 (codified at 8 U.S.C. § 1231 (note) (2000)).

[2]The procedural history of this case prior to our decision in Enwonwu I is set forth in that decision, Enwonwu I, 438 F.3d at 24, 25-28, as are the basic facts of this case as found by the Immigration Judge ("IJ"), id. at 25-26, and need not be repeated here.

"questions of law" in the wake of the Real ID Act.  See 8 U.S.C. 1252(a)(2)(C) & (D).  Because this statutory jurisdictional argument presents difficult and unsettled issues, we will by-pass it, see United States v. Ayala-Lopez, 457 F.3d 107, 108 (1st Cir. 2006), and, for the reasons discussed below, deny the petition on other grounds.

## I.

Before addressing Enwonwu's challenges to the BIA's decision, we dispose of several of those challenges on other threshold grounds identified by the respondent.

### A.

First, we agree with the respondent that Enwonwu failed to exhaust his administrative remedies before the BIA with respect to two of the issues that Enwonwu raises here;  consequently, we will not consider those issues.  See Boakai v. Gonzales, 447 F.3d 1, 4-5 (1st Cir. 2005).  Those issues are (1) whether the case should be remanded to the BIA for reconsideration of its rejection of the IJ's first rationale for finding it likely that Enwonwu would be tortured if returned to Nigeria, i.e., that he would be detained in a Nigerian prison because he had been convicted of a drug offense in the United States,[3] and (2) whether Enwonwu was

---

[3]If Enwonwu had attempted to raise this issue before the BIA, the Department of Homeland Security ("DHS") might well have argued that the argument was outside the scope of this court's limited remand--i.e., "for . . . further consideration of the CAT issue in light of its failure to address the second ground in the IJ's

obliged to "provide evidence that he . . . would be singled out individually" for torture.[4]

B.

We also agree that another of Enwonwu's arguments is barred by this court's decision in Enwonwu I. The argument is that his removal would impermissibly deprive him, retroactively, of his "vested rights" under his confidential informant agreement. Although the respondent frames this bar as one of "claim preclusion," it fits more comfortably into the doctrine of law of the case.

Under the relevant branch of that doctrine, "a legal decision made at one stage of a civil or criminal proceeding . . . remain[s] the law of that case throughout the litigation, unless and until the decision is modified or overruled by a higher court. That branch binds . . . a successor appellate panel in a second appeal in the same case . . . ." United States v. Moran, 393 F.3d 1, 7 (1st Cir. 2004); see also Ellis v. United States, 313 F.3d 636, 646-47 (1st Cir. 2002) (explaining the "salutary policies"

---

decision," Enwonwu I, 438 F.3d at 35 (emphasis added). See United States v. Bell, 988 F.2d 247, 250 (1st Cir. 1993).

[4]After reviewing the administrative record, we conclude that a third issue identified by the respondent--that the BIA should have considered the district court's findings in that court's advisory opinion in Enwonwu's habeas corpus case, Enwonwu v. Chertoff, 376 F. Supp. 2d 42 (D. Mass. 2005)--was sufficiently raised before the BIA to satisfy the exhaustion requirement. However, for the reasons discussed later, we conclude that the BIA properly declined to consider those findings.

-4-

behind this doctrine). And it applies not only to issues actually raised and resolved in the first appeal but also to issues that could have been raised in the first appeal but were not. United States v. Ticchiarelli, 171 F.3d 24, 29 (1st Cir. 1999).

It makes no difference whether the "vested rights" argument that Enwonwu makes in his present petition is identical to or a variation on the substantive due process argument that was raised and rejected in Enwonwu I, 438 F.3d at 29-31. Either the argument was previously raised and rejected in his first petition, or it could have been raised there but was not. Either way, the law of the case doctrine precludes Enwonwu from making this argument in this second petition.

II.

We will discuss Enwonwu's remaining challenges to the BIA's decision on remand.

A.

In Enwonwu I, this court remanded Enwonwu's petition for review of the denial of his CAT claim to the BIA to address the IJ's alternative finding that retribution would be sought against Enwonwu because of his cooperation with the DEA. Enwonwu I, 438 F.3d at 35. On remand, the BIA provided the missing explanation. But in its resulting order, it mistakenly said that "[t]he respondent's [i.e., Enwonwu's] appeal is dismissed." In fact, it was the DHS (or its predecessor, the Immigration and Naturalization

Service) that had appealed to the BIA from the IJ's decision in Enwonwu's favor, so the order should have said that the DHS's appeal is sustained, as did the BIA's original order.

In his brief to this court, Enwonwu points to that error as "[t]he most glaring indicator of the continued arbitrary nature of the BIA's adjudication of this case on remand." The error was not substantive, since the body of the original decision clearly indicated that the BIA intended to rule in DHS's favor. The BIA's inadvertent use of the opposite language hardly rises to the level of a constitutional due process violation, particularly given the absence of any prejudice to Enwonwu and the BIA's prompt correction of its error. See Ibe v. Gonzales, 415 F.3d 142, 144 (1st Cir. 2005).

B.

Somewhat paradoxically, Enwonwu next claims that the BIA's correction of its order to say that the DHS appeal was sustained also constituted "a serious violation of [his] due process rights." As to how the correction was made, the record indicates only the following: After Enwonwu pointed out the error in one of his many attempts to obtain a stay of removal pending appeal, the BIA amended its order, "upon [its] own motion," to read, "The DHS appeal is sustained." The amended decision also added--presumably in response to Enwonwu's further argument that

there was no removal order in effect[5]--an explicit order that "[t]he respondent is ordered removed from the United States to Nigeria." In all other respects, the amended decision "incorporat[ed] by reference the text of the attached vacated order," i.e., the original decision.

According to Enwonwu, "The only reasonable conclusion that can be drawn [from that sequence of events] is that the BIA was alerted to the error in its prior decision on an ex parte basis by the Government after the Petitioner filed his Petition for Review in this Court." He claims that the inferred ex parte contact violated his due process rights.

There are several problems with this due process claim, the first of which is the absence of any concrete evidence in the record to rebut the BIA's own statement that the correction was made "upon the Board's own motion" or the presumption of regularity that attaches to the BIA's official acts. McLeod v. INS, 802 F.2d 89, 95 n.8 (3d Cir. 1986); see generally Giordano v. Fair, 697 F.2d 14, 17 (1st Cir. 1983). There is no evidence that the alleged contact even occurred. See United States v. Ames, 743 F.2d 46, 48 (1st Cir. 1984).

---

[5]In fact, the BIA's earlier decision, dated May 30, 2003, which was reviewed in Enwonwu I, already contained an order that Enwonwu be removed from the United States. In addition, as discussed below, the IJ had ordered removal in the first instance.

Second, even if such contact occurred, it would not necessarily be impermissible. Rather, under the Administrative Procedure Act, the only ex parte communications that are prohibited are those "relevant to the merits of the proceeding." 5 U.S.C. § 557(d)(1)(A) & (B). Any ex parte communication of this essentially clerical error in the BIA's original decision was irrelevant to the merits of the BIA's decision, which remained the same before and after the error was corrected.

Third, Enwonwu has not made the requisite showing that he was prejudiced by communication of the error, which he himself had already pointed out in a pleading of public record. Absent such a showing a prejudice, even an impermissible ex parte communication does not violate due process. United States v. Nelson-Rodriguez, 319 F.3d 12, 62 (1st Cir. 2003); In re Pearson, 990 F.2d 653, 661 (1993).

C.

Next, Enwonwu argues that the BIA had no authority to enter a removal order "in the first instance."[6] The factual premise of that argument is mistaken since Enwonwu's removal order was entered initially by the IJ, not the BIA. Since Enwonwu's

_____

[6]Arguably, this argument is barred by the law of the case doctrine, since the BIA's 2003 decision contained an identical removal order, which Enwonwu could have but did not challenge in Enwonwu I. Ticchiarelli, 171 F.3d at 29. However, the respondent did not raise this non-jurisdictional argument in his brief, so we do not address it. Venegas-Hernandez v. Sonolux Records, 370 F.3d 183, 188 (1st Cir. 2004).

argument is based on this mistaken premise, we need not reach the issue of whether the BIA would have authority to issue a removal order where the IJ had not ordered removal, or at least made a determination of removability, in the first instance.

D.

Next, Enwonwu faults the BIA for declining to rely upon the district court's factual findings in Enwonwu v. Chertoff. As Enwonwu implicitly acknowledges by arguing that the BIA should have taken administrative notice of those findings, absent taking such notice, the BIA was powerless to adopt them. See 8 C.F.R. § 1003.1(d)(3)(iv) ("Except for taking administrative notice of commonly known facts such as current events or the contents of official documents, the Board will not engage in factfinding in the course of deciding appeals.").

His arguments that the applicable regulations or due process required the BIA to take such notice are unavailing. First of all, we doubt that the district court's advisory opinion is an "official document" that the BIA is authorized to notice under 8 C.F.R. § 1003.1(d)(3)(iv) or that the facts found therein are the kinds of facts that may be noticed, see Gebremichael v. INS, 10 F.3d 28, 37 & n.25 (1st Cir. 1993) (holding that BIA may take administrative notice of "legislative" facts, i.e., "those which 'do not usually concern the immediate parties but are the general facts which help the tribunal decide questions of law and policy

and discretion'" as opposed to "'adjudicative facts[,] [which] usually answer the questions of who did what, where, when, how, why, with what motive or intent'"). The BIA also appropriately declined to take notice, given the advisory nature of that opinion and the limited scope of this court's remand order, which directed the BIA only to further explain its reasons for overturning the IJ's decision. Cf. Guzmán-Ruíz v. Hernández-Colón, 406 F.3d 31, 36 (1st Cir. 2005).

E.

Finally, Enwonwu paradoxically shifts from arguing that the BIA should have considered the district court's findings to arguing that the BIA was bound by the factual findings of the IJ based on the record before him. Consonant with the directive that the BIA "not engage in de novo review of findings of fact determined by an immigration judge," 8 C.F.R. § 1103.1(d)(3)(i), the BIA here expressly declined to engage in de novo review. Instead, the BIA reviewed the IJ's factual findings against the underlying evidence only to determine whether those findings were clearly erroneous, as it was permitted to do. Id. Finding no "clear error" in the IJ's factual findings, including his credibility findings, the BIA "accept[ed] the facts as stated by the [IJ]" but rejected the IJ's legal conclusion that, on those facts, Enwonwu was eligible for CAT relief as a matter of law. Engaging in such de novo review of the IJ's legal conclusions was

not improper.  <u>See</u> 8 C.F.R. § 1003.1(d)(3)(ii).  Those conclusions were reasonable and were supported by substantial evidence.

In sum, all of Enwonwu's challenges to the BIA's decision on remand are either procedurally barred or without merit or both.  Accordingly, <u>the petition is denied</u>.  <u>See</u> 1st Cir. Loc. R. 27.0(c).