Not for Publication in West's Federal Reporter

# United States Court of Appeals

## For the First Circuit

No. 07-2457

EDWARDO A.A. MATHEW,

Petitioner,

v.

MICHAEL B. MUKASEY, ATTORNEY GENERAL,

Respondent.

ON PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

Before

Lynch, Chief Judge,
Torruella and Boudin, Circuit Judges.

Edwardo Alexandro Mathew on brief pro se.
Lauren E. Fascett, Trial Attorney, Civil Division, Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division and David V. Bernal, Assistant Director, Office of Immigration Litigation, on brief for respondent.

October 29, 2008

**Per Curiam**.  Petitioner Edwardo Alexandro Mathew was ordered removed, under 8 U.S.C. § 1182(a)(2)(A)(i)(I), on the ground that he had been convicted of a crime of moral turpitude and thus was an inadmissible alien.  After carefully reviewing the record and the parties' briefs, we affirm the order of removal essentially for the reasons given by the Board of Immigration Appeals (BIA).  We add only the following comments:

1.  Petitioner's Criminal Records.  As for the Apostille, 8 C.F.R. § 1287.6 is not the exclusive method for authenticating a document.  See Yongo v. INS, 355 F.3d 27, 31 (1st Cir. 2004).  Rather, authentication is a "flexible" doctrine and "requires nothing more than proof that a document or thing is what it purports to be."  Id. at 30.  Here, since there is no question that the documents certified by the Apostille are anything other than copies of petitioner's Aruban criminal record, it is plain that this record was admissible for the purposes of establishing petitioner's conviction.

Petitioner next claims that there were translation errors in this record.  However, in determining whether a particular offense qualifies as a crime of moral turpitude, "[t]he focus . . . is on the inherent nature of the crime of conviction, as opposed to the particular circumstances of the actual crime committed."  Nguyen v. Reno, 211 F.3d 692, 695 (1st Cir. 2000) (emphasis added).  Thus, it is the definition contained in the applicable criminal

-2-

statute that is the controlling factor.  Maghsoudi v. INS, 181 F.3d 8, 14 (1st Cir. 1999).

Here, it is plain that at least one of petitioner's convictions, the one under Art. 315, qualifies as a crime of moral turpitude.  That is, a conviction under this article requires both that the defendant intended to cause, and actually did cause, serious physical harm.  See Nguyen, 211 F.3d at 695 (it is a crime of moral turpitude "to cause serious injury intentionally to another person") (internal quotation marks and citation omitted; emphasis added).  Thus, petitioner was properly treated as an arriving alien under 8 U.S.C. § 1101(a)(13)(C)(v) and properly found inadmissible under § 1182(a)(2)(A)(i)(I).

2.  The Second Charge.  Petitioner next argues that the BIA could not remove him on the basis of having been convicted of a crime of moral turpitude without first having determined that he had fraudulently concealed this conviction in order to obtain his adjustment of status to that of a lawful permanent resident.  The problem for petitioner is that neither of the pertinent statutes, § 1101(a)(13)(C)(v) and § 1182(a)(2)(A)(i)(I), contain any language to this effect, and the statute that petitioner cites in support of this argument, 8 U.S.C. § 1227(a)(2)(C), simply was not applied to him in the instant proceedings.

3.  Due Process Violations.  Although petitioner claims that the immigration proceedings were plagued by due process

violations, he has not even attempted to show how such violations prejudiced him -- i.e., how, in the absence of the claimed errors, the result of the removal proceeding would have been different. See Ibe v. Gonzales, 415 F.3d 142, 144 (1st Cir. 2005) (holding that prejudice is "an essential requirement of a due process claim" in the immigration context). These claims therefore are meritless. Finally, we do not consider petitioner's challenge to the conditions of his detention pending the completion of the removal proceedings because a petition for review, filed under 8 U.S.C. § 1252, is not the proper vehicle for such a challenge. See Ochieng v. Mukasey, 520 F.3d 1110, 1115 (10th Cir. 2008) (holding that a court of appeals, in a proceeding under 8 U.S.C. § 1252, is not the "appropriate forum" in which to bring, the first instance, a challenge to detention).

The petition for review therefore is denied.