UNITED STATES of America,
Plaintiff—Appellee,

v.

Michael Dennis WILLIAMS aka Trey-
stone, aka Baby Treystone and An-
toine Lamont Johnson, aka Seal A,
aka OK, aka O killer, Defendants—
Appellants.

Nos. 08–50348, 08–50350.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 3, 2009.

Filed March 11, 2009.

Elizabeth Carpenter, Esquire, Tamra
Phipps, Assistant U.S., Michael J. Rapha-
el, Esquire, Assistant U.S., Elizabeth
Ryunsoo Yang, Assistant U.S., Office of
the U.S. Attorney, Los Angeles, CA, for
Plaintiff–Appellee.

Amy E. Jacks, Law Offices of Amy E.
Jacks, Los Angeles, CA, for Defendants–
Appellants.

Before: SILVERMAN and
CALLAHAN, Circuit Judges, and
MILLS,* District Judge.

MEMORANDUM **

The United States of America filed a
notice of intent to seek the death penalty,
pursuant to 18 U.S.C. § 3593(a), as to Mi-
chael Dennis Williams and Antoine La-
mont Johnson. The Defendants filed mo-
tions to dismiss the notices of intent to
seek the death penalty on the basis that
they were untimely. The district court
denied the Defendants' motions.

They seek to immediately appeal, con-
tending that the district court's denial

---

* The Honorable Richard Mills, United States
District Judge for the Central District of Illi-
nois, sitting by designation.

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.

constitutes a "collateral order" and is not subject to the final judgment rule. The Government asserts that the order does not qualify as an exception to the final judgment rule and we must therefore dismiss this appeal for lack of jurisdiction.

Two other circuits have specifically held that this type of appeal satisfies the collateral order rule. *See United States v. Ferebe*, 332 F.3d 722, 724 (4th Cir.2003) ("[W]e conclude that district court orders denying motions to strike Death Notices are collateral orders susceptible to our review."); *United States v. Wilk*, 452 F.3d 1208, 1220 (11th Cir.2006) ("We agree with our sister circuit and conclude that we have jurisdiction over Wilk's appeal."). The First Circuit assumed, without deciding, that these courts correctly interpreted the collateral order rule. *See United States v. Ayala–Lopez*, 457 F.3d 107, 108 (1st Cir.2006). The Second Circuit held otherwise, concluding that a denial of a pretrial motion to dismiss a notice of intent does not qualify as a collateral order because it is not "effectively unreviewable on appeal from a final judgment" and, therefore, it is not subject to interlocutory appeal. *See United States v. Robinson*, 473 F.3d 487, 491–92 (2d Cir.2007).

In assuming that the Fourth and Eleventh Circuits correctly interpreted the collateral order rule, the First Circuit stated that "there is no need to reach a more difficult non-Article III issue of appellate jurisdiction if the case may be easily disposed of on the merits." *Ayala–Lopez*, 457 F.3d at 108 (citing *Parella v. Ret. Bd. of R.I. Employees' Ret. Sys.*, 173 F.3d 46, 53–57 (1st Cir.1999)); *see also* 15A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3905 (2d ed.2008) (noting that the First Circuit and other courts "have concluded that it is appropriate to affirm a judgment if the result on the merits is

easier to reach than a thorny question of jurisdiction or if the question on the merits is tangled with the question of jurisdiction."). We agree with the First Circuit's approach. Because we find that this case can be easily resolved on the merits, we will not discuss the issue of appellate jurisdiction.

Section 3593(a) requires in pertinent part that the Government file its notice of intent to seek the death penalty "a reasonable time before the trial." The notice of intent in this case was filed on May 29, 2008. At that time, the trial was scheduled to begin on August 12, 2008. The district court then continued the trial to March 17, 2009, after Williams and Johnson stipulated to waive time under the. Speedy Trial Act. The parties stated at oral argument that the trial is now scheduled for June 2009.

We conclude that the notice in this case was reasonable. In so deciding, we need not determine whether a notice of intent to seek the death penalty which is provided seventy-five days prior to trial is unreasonable, as the Defendants argue. Thus, we disagree with the Fourth Circuit's approach in concluding that whether the notice is reasonable must be determined in light of "the period of time remaining before trial, measured at the instant the Death Notice was filed and irrespective of the filing's effects." *See United States v. Breeden*, 366 F.3d 369, 374 (4th Cir.2004) (citing *Ferebe*, 332 F.3d at 737). We agree with the Eleventh Circuit which held that in assessing reasonableness, a court is not limited to the interval between the time the notice was filed and the trial date at the time of that filing, irrespective of any trial continuances. *See Wilk*, 452 F.3d at 1222. "Simply put, there is nothing in § 3593 that restricts courts to counting only the days between the Death Notice and a scheduled trial date at the time of

the filing of the Death Notice." *Id.* at 1223.

We find the reasoning in *Wilk* to be persuasive. When the Defendants filed their notices of appeal, the trial date was more than seven months away and was nearly ten months from the date on which the Government filed its notice of intent to seek the death penalty. Trial is now scheduled to commence more than one year after the Government filed its notice under section 3593(a). "Continuing the trial after the Death Notice is filed does not undermine but rather preserves the defendant's statutory right not to stand trial for his life without reasonable notice of the government's intent to seek the death penalty." *Wilk*, 452 F.3d at 1223. Moreover, there is no concern here about any conflict between the right to a speedy trial and the right to reasonable notice under section 3593, because Williams and Johnson stipulated to waive time under the Speedy Trial Act before the district court continued the trial date.

Thus, the notices of intent as to Williams and Johnson were filed a reasonable time before trial. The obvious intent of section 3593(a) is to ensure that both parties, especially the defendant, have adequate time to prepare for a capital trial. In continuing the trial, the district judge sought to ensure that the Defendants' rights under section 3593 were protected.

The order denying the Defendants' motions to dismiss the Government's notices of intent to seek the death penalty is **affirmed.**