F I L E D
**United States Court of Appeals
Tenth Circuit**

**JUN 6 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

HERTA WITTGENSTEIN, also
known as Herta Hilscher, also known
as Herta Spitzweiser,

        Petitioner-Appellant,

v.

IMMIGRATION &
NATURALIZATION SERVICE,

        Respondent-Appellee.

No. 96-9537
(Petition for Review)
(BIA No. A13 947 279)

ORDER AND JUDGMENT[*]

Before PORFILIO and LOGAN, Circuit Judges, and BURRAGE, District Judge.[**]

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this petition for review. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case

is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] Honorable Michael Burrage, Chief Judge, United States District Court for the Eastern District of Oklahoma, sitting by designation.

Petitioner Herta Wittgenstein seeks review of an order of the Immigration Judge (IJ) finding her deportable as charged due to her conviction on two criminal counts which were determined to involve moral turpitude. Petitioner sought review of the IJ's decision in the Board of Immigration Appeals (BIA) which dismissed her appeal after finding that she was a fugitive from justice.

On appeal petitioner contends that (1) the BIA's dismissal of her appeal violated her right to due process because she was not afforded the opportunity to rebut the claim that she was a fugitive; (2) her hearing before the IJ did not comport with due process; and (3) her conviction for tax evasion did not involve moral turpitude. Before we reach petitioner's contentions, we first examine whether we should hear this appeal in light of the fact that petitioner declines to present herself to the INS and a warrant for her arrest is outstanding. See Report of Settlement Conference, filed March 3, 1997 at 2.

In Molinaro v. New Jersey, 396 U.S. 365 (1970), a criminal defendant escaped while his appeal to the Court was pending. The Court dismissed the appeal, observing that an escape "disentitles the defendant to call upon the resources of the Court for a determination of his claims." Id. at 366. Similarly, courts have chosen to dismiss an alien's petition when the alien is a fugitive from justice. See Bar-Levy v. United States Dep't of Justice, 990 F.2d 33, 35 (2d Cir. 1993) (alien failed to surrender to INS despite lawful order of deportation; alien

who is a fugitive "should ordinarily be barred" from calling upon the court to determine his claims); Hussein v. INS, 817 F.2d 63, 63 (9th Cir. 1986) (court chose to dismiss petition for review after alien escaped from custody); Arana v. INS, 673 F.2d 75, 76-77 (3d Cir. 1982) (alien, subject to order of deportation, who concealed location and failed to comply with bench warrant could not ask court to determine his habeas claim; court noted that he presumably would appear only if court's judgment were favorable to him); see also Ofosu v. McElroy, 98 F.3d 694, 703 (2d Cir. 1996) (stay pending appeal conditioned on alien's surrender to INS; if alien failed to surrender, court would lose jurisdiction over appeal as habeas petition required petitioner be in custody); but cf. Gordon v. INS, 36 F.3d 249, 251 (2d Cir. 1994) (petitioner not a fugitive from justice where he failed to report for deportation after government had notified him that his deportation order had been stayed); Esposito v. INS, 987 F.2d 108, 110 (2d Cir. 1993) (court declined to exercise discretion to dismiss petition because petitioner believed counsel was contesting the order of deportation in federal court, he had not escaped from custody, there was no bench warrant and he had not concealed his location from the INS).

Petitioner asserts she is not a fugitive because she did not conceal herself from the INS; she suggests that she would have surrendered if the BIA had assured her that she would not be immediately deported. We reject petitioner's

attempt to obfuscate the issue. Petitioner had been ordered deported. When INS officers came to her home to take her into custody, she asked to take a shower and then disappeared. The INS has since issued a warrant for her arrest. Because she has failed to surrender for deportation, petitioner is a fugitive from justice. We therefore exercise our discretion and DISMISS this appeal.

Entered for the Court

James K. Logan
Circuit Judge