Herta WITTGENSTEIN, also known as Herta Hilscher, also known as Herta Spitzweiser, Petitioner–Appellant,

v.

IMMIGRATION & NATURALIZATION SERVICE, Respondent–Appellee.

No. 96–9537.

United States Court of Appeals,
Tenth Circuit.

Sept. 4, 1997.

before expiration of the six-month period may have been partially due to her own lack of diligence. App. at 1019, 1020–21.

David Carliner, Carliner and Remes, P.C., Washington, DC, for Petitioner–Appellant.

David M. McConnell, Assistant Director, Office of Immigration Litigation, Civil Division, Department of Justice, Washington, DC, for Respondent–Appellee.

Before PORFILIO and LOGAN, Circuit Judges, and BURRAGE, District Judge.[*]

## ON REHEARING

LOGAN, Senior Circuit Judge.

■ We originally dismissed this petition for review in an unpublished order and judgment on the ground that petitioner was a fugitive from justice. *See Wittgenstein v. INS,* 114 F.3d 1199, 1997 WL 303564 (10th Cir.1997). It now appears that petitioner was apprehended on the outstanding arrest warrant before we issued our order and judgment. As we read *Ortega–Rodriguez v. United States,* 507 U.S. 234, 113 S.Ct. 1199, 122 L.Ed.2d 581 (1993), we have the right to dismiss the appeal because petitioner remained a fugitive during most of the time her appeal was pending. Nevertheless, we choose to grant the petition for rehearing and to vacate our original order of dismissal. Reaching the merits of petitioner's appeal, we affirm the Board of Immigration Appeal's (BIA) dismissal and, in the alternative, affirm

the Immigration Judge's (IJ) issuance of an order of deportation.

We first examine whether we have jurisdiction over this petition. Title 8 of the United States Code, § 1105a(a)(10)[1], as amended, provides that "[a]ny final order of deportation against an alien who is deportable by reason of having committed" certain specified criminal offenses "shall not be subject to review by any court." The amended statute applies to petitioner because she filed her petition after the effective date of the amendment. *See Fernandez v. INS,* 113 F.3d 1151, 1155 (10th Cir.1997) (provisions of the Antiterrorism and Effective Death Penalty Act of 1996 govern petitions for review pending on the date of enactment). Despite this constraint on judicial review, the Third Circuit has held that when "constitutional rights applicable to aliens may be at stake, judicial review may not be withdrawn by statute." *Salazar–Haro v. INS,* 95 F.3d 309, 311 (3d Cir.1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 1842, 137 L.Ed.2d 1046 (1997); *cf. Fernandez,* 113 F.3d at 1155 (noting the government conceded judicial review was available for "substantial" constitutional errors).

■ Petitioner contends she was denied her constitutional right to due process when the BIA dismissed her request for review of the IJ's order because she was a fugitive from justice. The same standards which govern this court, *see Wittgenstein,* 1997 WL 303564 at *1, apply to the BIA when reviewing an appeal from a fugitive from justice. The BIA acted properly in deciding not to consider the petition for review while petitioner was a fugitive.

Petitioner also argues she was denied her constitutional right to due process because the IJ did not adequately inform her of her right to counsel. This contention is without merit. Our examination of the record shows petitioner was repeatedly advised to obtain

[*] Honorable Michael Burrage, Chief Judge, United States District Court for the Eastern District of Oklahoma, sitting by designation.

[1]. "8 U.S.C. § 1105a(a) was subsequently repealed by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ('IIRIRA'), Pub.L. No. 104–208, 110 Stat. 3009, enacted by Congress in September 1996. Provisions relating to judicial review of immigration orders filed after enactment of IIRIRA now appear at 8 U.S.C. § 1252, as amended by IIRIRA." *Fernandez v. INS,* 113 F.3d 1151, 1153 n. 2 (10th Cir.1997).

**1246**

counsel. *See* R. at 259–60; 266; 393–94; 521; 544; 755; 879.

■ Lastly, petitioner argues the crime of state tax evasion is not one of moral turpitude. We may no longer review whether the IJ properly determined an alien is deportable by reason of having committed one of the enumerated criminal offenses because review by the BIA provides sufficient consideration of this issue. *See Berehe v. INS,* 114 F.3d 159, 161–62 (10th Cir.1997). Although petitioner casts the issue in constitutional terms this is not a constitutional issue. Nevertheless, because petitioner received no review by the BIA, we briefly address this issue to demonstrate its lack of merit.

■ Moral turpitude refers "to conduct which is inherently base, vile, or depraved, contrary to the accepted rules of morality and the duties owed between man and man, either one's fellow man or society in general." *In re Matter of Flores,* 17 I & N Dec. 225, 227, 1980 WL 121870 (1980). Courts have determined that the wilful evasion of federal income taxes is a crime of fraud involving moral turpitude. *See Costello v. INS,* 311 F.2d 343, 348 (2d Cir.1962) ("There can be no 'wilful' evasion without a specific intent to defraud."), *rev'd on other grounds,* 376 U.S. 120, 84 S.Ct. 580, 11 L.Ed.2d 559 (1964) (further quotation omitted); *Chanan Din Khan v. Barber,* 253 F.2d 547, 549 (9th Cir.) (moral turpitude found where intent to defraud the government is charged in the indictment for federal tax evasion and found by the jury), *cert. denied,* 357 U.S. 920, 78 S.Ct. 1361, 2 L.Ed.2d 1364 (1958); *Tseung Chu v. Cornell,* 247 F.2d 929, 934 (9th Cir.) (while "[f]raud may not be an essential element of the crime of wilful attempt to defeat or evade the income tax, ... it can be an essential part of that crime.") (citation omitted), *cert. denied,* 355 U.S. 892, 78 S.Ct. 265, 2 L.Ed.2d 190 (1957). In *Jordan v. De George,* 341 U.S. 223, 232, 71 S.Ct. 703, 708, 95 L.Ed. 886 (1951), the Court made it "plain that crimes in which fraud was an ingredient have always been regarded as involving moral turpitude."

Petitioner was convicted of "willfully attempt[ing] to evade or defeat any tax or the payment thereof," N.M. Stat. Ann. § 7–1–72,

a felony in New Mexico. We conclude that fraud is an essential part of the crime for which petitioner was convicted, and the IJ properly found that state tax evasion is a crime involving moral turpitude.

AFFIRMED