# In the

# United States Court of Appeals

## For the Seventh Circuit

———————

No. 04-1775

LUIS FERNANDO PADILLA,

*Petitioner-Appellant,*

v.

ALBERTO GONZALES[*],

*Respondent-Appellee.*

———————

On Petition for Review of an Order of
the Board of Immigration Appeals.
No. A41 123 489

———————

ARGUED DECEMBER 15, 2004—DECIDED FEBRUARY 22, 2005

———————

Before KANNE, WOOD, and WILLIAMS, *Circuit Judges.*

KANNE, *Circuit Judge.* Luis Padilla seeks review of a decision of the Board of Immigration Appeals (BIA) affirming an order of removal. An Immigration Judge (IJ) found Padilla inadmissible because he had been convicted of four crimes involving moral turpitude. Padilla challenged that finding on appeal, and the BIA partially affirmed, determining that Padilla's convictions for sexual abuse of a minor and obstruction of justice were for crimes involving moral turpitude. In his petition for review, Padilla

———————

[*] Pursuant to Fed. R. App. P. 43(c), we have substituted Alberto Gonzales for John Ashcroft as the named respondent.

challenges the determination regarding obstruction of justice. Because we find that the Illinois crime of obstruction of justice is a crime involving moral turpitude, we dismiss the petition for lack of jurisdiction.

## I. Background

Padilla, a native of Mexico, became a lawful permanent resident of the United States in 1986. In 1989, he pleaded guilty to criminal sexual abuse of a minor in violation of Ill. Rev. Stat., ch. 38, § 12-15(a)(1), and was sentenced to 12 months of probation. In 1991, Padilla pleaded guilty to obstruction of justice in violation of Ill. Rev. Stat., ch. 38, § 31-4(a), for knowingly furnishing false information to a police officer after being stopped for a traffic violation in order to avoid apprehension for driving with a revoked license. He was sentenced to one year of imprisonment. In 1995, Padilla pleaded guilty to aggravated driving under the influence of alcohol and driving with a revoked license for which he was sentenced to 30 months of probation.

In May 2000, Padilla presented himself for inspection upon reentering the United States after a trip abroad and was classified as an arriving alien seeking admission. Shortly thereafter, the Immigration and Naturalization Service, whose enforcement functions are now performed by the Department of Homeland Security, initiated removal proceedings against Padilla by filing a Notice to Appear (NTA). The NTA alleged that Padilla was inadmissable under 8 U.S.C. § 1182(a)(2)(A)(i) for committing a crime involving moral turpitude. The NTA listed all four of Padilla's convictions—sexual abuse, obstruction of justice, driving with a revoked license, and aggravated driving under the influence of alcohol—without specifying whether § 1182(a)(2)(A)(i) applied to one or all of the convictions.

At a hearing before an IJ in June 2001, Padilla admitted that he been convicted of the four crimes listed in the NTA, but denied that any of them involved moral turpitude. Under § 1182(a)(2)(A)(i), an alien who admits to committing or is convicted of a crime involving moral turpitude is inadmissible, unless either of two exceptions applies. Relevant here is the exception for petty offenses: those for which the maximum penalty does not exceed one year of imprisonment, where the alien was not sentenced to more than 6 months of imprisonment. § 1182(a)(2)(A)(ii). This exception applies only to an alien "who committed only one crime." *Id.* During the hearing, the government took the position that Padilla's conviction for sexual abuse did not in itself render him removable because he was not sentenced to one year or more in prison, but that Padilla was nonetheless removable because obstruction of justice was a crime of moral turpitude and an aggravated felony.[1]

The IJ determined that all four of Padilla's crimes involved moral turpitude and that he was thus inadmissible. The IJ also found that the petty-offense exception was inapplicable because Padilla had been convicted of more than one crime. Padilla's application for a waiver of inadmissibility under 8 U.S.C. § 1182(c) and his application for voluntary departure under 8 U.S.C. § 1229(b) were denied, and the IJ ordered him removed to Mexico.

---

[1] We question the wisdom of the government's concession that criminal sexual abuse falls under the petty-offense exception of § 1182(a)(2)(A)(ii). Padilla was initially sentenced to 12 months of probation for that crime, which is a Class 4 Felony. He later violated his probation and was sentenced to an additional 12 months of probation plus periodic imprisonment, for which he subsequently failed to report. The sentence he received for violating his probation is part of his sentence for criminal sexual abuse. But the government waived the argument that this conviction rendered Padilla removable; thus we need not decide the applicability of the exception.

Padilla appealed the IJ's decision to the BIA. The BIA reversed the IJ's decision that aggravated driving under the influence and driving with a revoked license were crimes involving moral turpitude. The BIA nevertheless affirmed the order of removal, determining that obstruction of justice and sexual abuse were crimes involving moral turpitude that rendered Padilla removable under § 1182(a)(2)(A)(i). The petty-offense exception did not apply, the BIA determined, because Padilla had committed more than one crime involving moral turpitude. Padilla appeals.

## II. Analysis

Padilla's appeal implicates the jurisdiction-stripping provision of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA). Under that provision, "no court shall have jurisdiction to review any final order of removal" that is based on the commission of a crime covered by § 1182(a)(2). 8 U.S.C. § 1252(a)(2)(C). Nevertheless, we retain "jurisdiction in order to determine jurisdiction," that is, to determine whether the underlying crime was in fact a crime involving moral turpitude. *See Bazan-Reyes v. INS*, 256 F.3d 600, 604 (7th Cir. 2001).

In determining whether a crime involves moral turpitude, we employ a "categorical" approach; that is, we determine whether a given crime necessarily involves moral turpitude by examining only the elements of the statute under which the alien was convicted and the record of conviction, not the "circumstances surrounding the particular transgression." *DeLeon-Reynoso v. Ashcroft*, 293 F.3d 633, 635 (3d Cir. 2002); *Nguyen v. Reno*, 211 F.3d 692, 695 (1st Cir. 2000). This practice is intended to promote uniformity and avoid "the oppressive administrative burden of scrutinizing the specific conduct giving rise to criminal offenses." *Michel v. INS*, 206 F.3d 253, 264 (2d Cir. 2000). Generally, a statute that encompasses both acts that do and do not involve moral turpitude cannot be the basis of a removability

determination under the categorical approach. *Hamdan v. INS*, 98 F.3d 183, 187 (5th Cir. 1996). However, if the statute is "divisible," that is, divided into "discrete subsections of acts that are and those that are not" crimes involving moral turpitude, then an alien convicted under a subsection that includes only crimes involving moral turpitude may be found removable. *Id.*

In his petition for review, Padilla argues that he was improperly found removable because obstruction of justice is not a crime involving moral turpitude. He was convicted under 720 Ill. Comp. Stat. 5/31-4(a) (formerly Ill. Rev. Stat., ch. 38, § 31-4(a)), of knowingly furnishing false information "with intent to prevent the apprehension or obstruct the prosecution or defense of any person." The information charged Padilla with giving officers a false name and driver's license when stopped for a traffic violation for the purpose of preventing his arrest for driving with a revoked license. Padilla asserts that obstruction of justice, although prohibited by law, is not inherently immoral or *malum in se*, and thus cannot be properly classified as a crime involving moral turpitude. He further argues that he was convicted under a subsection of a divisible statute that does not define a crime of moral turpitude, because the act of "furnishing false information" lacks an element of fraud or other evil intent.

The BIA has often stated that "moral turpitude refers generally to conduct which is inherently base, vile, or depraved, and contrary to the accepted rules of morality and the duties owed between persons or to society in general," *e.g.*, *In re Ajami*, 22 I. & N. Dec. 949, 950 (BIA 1999), and reviewing courts apply essentially the same standard, *e.g.*, *Itani v. Ashcroft*, 298 F.3d 1213, 1215 (11th Cir. 2002); *Medina v. United States*, 259 F.3d 220, 227 (4th Cir. 2001); *Maghsoudi v. INS*, 181 F.3d 8, 14 (1st Cir. 1999); *Hamdan,* 98 F.3d at 185-86. We have recently stated that a crime of moral turpitude is one that is deliberately

committed and "serious," either in terms of the magnitude of the loss that it causes or the indignation that it arouses in the law-abiding public. *Mei v. Ashcroft*, 393 F.3d 737, 740 (7th Cir. 2004). We consider Padilla's crime with this standard in mind.

Padilla's argument that his crime does not involve moral turpitude because it is *malum prohibitum,* or proscribed by law but not inherently immoral, has no merit. Crimes that are *mala in se* are those that are contrary to "a society's basic moral prohibitions," or "bad in themselves." *United States v. Urfer*, 287 F.3d 663, 666 (7th Cir. 2002). In contrast, crimes that are *mala prohibita* encompass conduct that "not everyone knows is criminal." *Id.* We have acknowledged that the distinction between crimes that involve moral turpitude and those that don't corresponds to the distinction between crimes that are *mala in se* and those that are *mala prohibita*. *Mei*, 393 F.3d at 741*; see also Ajami,* 22 I. & N. Dec. at 950; *Beltran-Tirado v. INS*, 213 F.3d 1179, 1184 (9th Cir. 2000) (Acts that are *mala prohibita* are "not generally considered to involve 'moral turpitude'"). But Padilla's crime of obstructing justice cannot fairly be characterized as *malum prohibitum*, so the distinction is of no help to him. He argues that furnishing false information to police to prevent apprehension is "not inherently immoral, but becomes so because positive law expressly forbids its commission." But the language of the statute requires that the defendant knowingly provide false information with the intent "to prevent the apprehension or obstruct the prosecution or defense of any person." Specific intent is inconsistent with a crime that is *malum prohibitum. E.g., United States v. Dyck*, 334 F.3d 736, 742 (8th Cir. 2003).

Padilla next argues that even if we find that his crime is not *malum prohibitum*, it nevertheless does not involve moral turpitude. He asserts that the subsection of the obstruction of justice statute under which he was

convicted is divisible from the rest of the statute and does not describe a crime of moral turpitude because it does not contain an element of fraud or evil intent.

Padilla's crime lacks the element of fraud, but his crime entails other conduct that is sufficient to support a finding of moral turpitude, namely, making false statements and concealing criminal activity. Although it is settled that "crimes in which fraud [is] an ingredient" involve moral turpitude, *see Jordan v. DeGeorge*, 341 U.S. 223, 232 (1951), moral turpitude may inhere in crimes that do not contain fraud as an element. Some courts have read "fraudulent intent," and thus moral turpitude, into conduct "the likely effect of which would be to mislead or conceal." *Smalley v. Ashcroft*, 354 F. 3d 332, 337-38 (5th Cir. 2003); *see also Goldeshtein v. INS*, 8 F.3d 645, 648 (9th Cir. 1993). Crimes that do not involve fraud, but that include "dishonesty or lying as an essential element" also tend to involve moral turpitude. *See Omagah v. Ashcroft*, 288 F.3d 254, 262 (5th Cir. 2002); *see also Itani*, 298 F.3d at 1216 ("Generally a crime involving dishonesty or false statement is considered to be one involving moral turpitude."). Thus, crimes that involve making false statements have been held to involve moral turpitude. *E.g.*, *Zaitona v. INS*, 9 F.3d 432, 437 (6th Cir. 1993) (finding moral turpitude where alien made false statements in driver's license application). Padilla was convicted of knowingly furnishing false information, a crime that specifically entails dishonesty and thus implicates moral turpitude. Moreover, the information makes clear that he furnished false information to a police officer, and almost all courts have held that "intentionally deceiving the government involves moral turpitude." *Omagah,* 288 F.3d at 262.

Concealing criminal behavior has also been found to involve moral turpitude. Thus the crime of misprision of a felony involves moral turpitude because it "necessarily involves an affirmative act of concealment or participa-

tion in a felony, behavior that runs contrary to accepted social duties and involves dishonest or fraudulent activity." *Itani*, 298 F.3d at 1216. An alien convicted of being an accessory after the fact to murder was held to have committed a crime of moral turpitude because his actions entailed intentionally assisting the principal in avoiding detection. *Cabral v. INS*, 15 F.3d 193, 197 (1st Cir. 1994). Similarly, money laundering was found to involve moral turpitude where it involved "intentionally concealing the proceeds of illegal drug sales." *Smalley*, 354 F.3d at 338-39. Like these crimes, Padilla's crime entails an intent to conceal criminal activity, and his crime likewise involves moral turpitude.

Moreover, contrary to Padilla's assertion, his crime involves the "evil intent" that is associated with crimes of moral turpitude. The deliberate decision to commit a serious crime "can certainly be regarded as the manifestation of an evil intent." *Mei*, 393 F.3d at 741. Padilla's crime was unquestionably deliberate; it was committed with the intent to "prevent the apprehension or obstruct the prosecution or defense of any person." 720 Ill. Comp. Stat. 5/31-4(a). Given that Padilla's crime involves furnishing false information, and requires the specific intent to conceal criminal activity, it can fairly be categorized as "contrary to justice, honesty, or morality," *De Leon-Reynoso*, 293 F.3d at 633, and it thus involves moral turpitude. Therefore, Padilla is inadmissible under § 1182(a)(2)(A)(i) and we lack jurisdiction to review the order of removal.

Because we find that the Illinois crime of obstructing justice is a crime involving moral turpitude, we DISMISS the petition for lack of jurisdiction.

No. 04-1775                                                                9

A true Copy:

    Teste:

                  _____
                  *Clerk of the United States Court of*
                  *Appeals for the Seventh Circuit*