FILED
United States Court of Appeals
Tenth Circuit

September 13, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

RAQUEL CASTILLO-TORRES,

      Petitioner,

v.

ERIC H. HOLDER, JR.,
Attorney General of the United States,

      Respondent.

No. 09-9568
(Petition for Review)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **O'BRIEN**, and **HOLMES**, Circuit Judges.

---

Raquel Castillo-Torres petitions for review of an order by the Board of

Immigration Appeals (BIA) dismissing her appeal of orders by the immigration

judge (IJ) denying her application for cancellation of removal and her requests for

a continuance and for voluntary departure. She argues that (1) the IJ and BIA

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

applied an incorrect legal standard to determine whether she had been convicted of a crime involving moral turpitude under 8 U.S.C. § 1182(a)(2)(A)(i)(I); (2) she has not been convicted of a crime involving moral turpitude; and (3) her requests for a continuance and for voluntary departure should have been granted. Exercising jurisdiction under 8 U.S.C. § 1252, we deny the petition for review of the denial of cancellation of removal and the denial of a continuance. Also, we dismiss for lack of jurisdiction her petition for review of the order denying her voluntary departure.

## BACKGROUND

The Department of Homeland Security brought removal proceedings against Ms. Castillo-Torres, a native of Mexico who entered the United States in 1995 without inspection. Although she admitted her removability, she sought cancellation of removal or voluntary departure. In addition, she sought a continuance based on an approved immigrant-visa petition. The agency moved to pretermit, asserting that she had been convicted of crimes involving moral turpitude.

Ms. Castillo-Torres had been convicted of two crimes in 2007. She was convicted of providing false personal information to a peace officer in violation of Utah Code Ann. § 76-8-507(2)[1] and was sentenced to 365 days of

---

[1]     Section 76-8-507(2) provides that it is a misdemeanor for a person "with the intent of leading a peace officer to believe that the person is another actual
(continued...)

imprisonment, with 358 days suspended. Also, she was convicted of making false statements at a preliminary hearing in violation of Utah Code Ann. § 76-8-504.5[2] and was sentenced to 180 days of imprisonment, with all 180 days suspended.

The IJ pretermitted Ms. Castillo-Torres's applications for relief and denied a continuance. In a thorough and well-reasoned written decision, the IJ concluded that she had been convicted of crimes involving moral turpitude. Relying on the Attorney General's opinion in *Matter of Silva-Trevino*, 24 I. & N. Dec. 687 (2008), and citing several other decisions, the IJ decided that a violation of § 76-8-507(2) is a crime involving moral turpitude because it requires an intent to deceive the government. For essentially the same reason, the IJ concluded that Ms. Castillo-Torres's conviction under § 76-8-504.5 is also a crime involving moral turpitude. And because an immigrant visa would be unavailable for

---

[1](...continued)
person, [to] give[] the name, birth date, or address of another person to a peace officer acting in the lawful discharge of the peace officer's official duties."

[2]     Section 76-8-504.5 provides that it is a misdemeanor for a person to make a false statement
        (a) which the person does not believe to be true;
        (b) that the person has reason to believe will be used in a preliminary hearing; and
        (c) after having been notified either verbally or in writing that:
            (i) the statement may be used in a preliminary hearing before a magistrate or a judge; and
            (ii) if the person makes a false statement after having received this notification, he is subject to a criminal penalty.

approximately three years, the IJ found no good cause to grant a continuance until the visa became current.

The BIA adopted and affirmed the IJ's decision, and dismissed Ms. Castillo-Torres's appeal. After examining the two Utah statutes, the BIA held that Ms. Castillo-Torres's crimes involved moral turpitude, making her ineligible for cancellation of removal. With respect to the conviction for providing false information to a peace officer under § 76-8-507(2), the BIA concluded that intent to deceive an officer was an essential part of the crime, and the crime therefore necessarily involved moral turpitude within the meaning of the term in § 1182(a)(2)(A)(i)(I). Likewise, because the conviction under § 76-8-504.5 for making a false statement at a preliminary hearing also involved an intent to deceive, the BIA agreed with the IJ that the conviction was for a crime involving moral turpitude. The BIA further decided that Ms. Castillo-Torres could not establish the required period of good moral character necessary for voluntary departure. And it held that she had failed to show good cause for a continuance to pursue adjustment of status. This petition for review followed.

## ANALYSIS

### I.

"Because a single member of the BIA decided [Ms. Castillo-Torres's] appeal and issued a brief opinion, we review the BIA's decision as the final

agency determination and limit our review to issues specifically addressed therein." *Kechkar v. Gonzales*, 500 F.3d 1080, 1083 (10th Cir. 2007) (internal quotation marks omitted). But we may consider the IJ's decision for a further explanation of the grounds for the agency's decision. *See Uanreroro v. Gonzales*, 443 F.3d 1197, 1204 (10th Cir. 2006).

We review the BIA's conclusions of law de novo and findings of fact for substantial evidence. *See Razkane v. Holder*, 562 F.3d 1283, 1287 (10th Cir. 2009). "[W]e review jurisdictional questions de novo." *Itaeva v. INS*, 314 F.3d 1238, 1240 (10th Cir. 2003).

## II.

To be eligible for cancellation of removal under 8 U.S.C. § 1229b(b)(1), Ms. Castillo-Torres had the burden to show that (1) she had been present in the United States for ten years; (2) her moral character had been good for ten years; (3) she had not been convicted of certain crimes, including crimes involving moral turpitude; and (4) her removal would result in exceptional and extremely unusual hardship to a qualifying relative. *See* 8 U.S.C. § 1229a(c)(4) (placing burden of proof on alien to establish eligibility); *Garcia v. Holder*, 584 F.3d 1288, 1289–90 (10th Cir. 2009) (recognizing burden is on alien when alien is removable). Only the third prong is at issue in this case.

**A.**

Ms. Castillo-Torres argues that neither the IJ nor the BIA applied the proper legal standard to determine whether she had been convicted of a crime involving moral turpitude. She points out that the IJ (although not the BIA) cited the BIA's opinion in *Silva-Trevino* and contends that the analytical method set forth in that opinion is flawed, as the Third Circuit held in *Jean-Louis v. Attorney General*, 582 F.3d 462, 464, 470–82 (3d Cir. 2009). But the actual analysis by both the IJ and the BIA in this case did not involve any of the alleged errors in the *Silva-Trevino* approach. Both tribunals looked solely at the elements of each Utah offense and decided that any commission of the offense would involve moral turpitude. Therefore, we need not address whether we agree with *Silva-Trevino* in that respect. We need only determine whether the BIA (and IJ) analysis of the Utah statutes was correct, a task to which we now turn.

**B.**

Section 1182(a)(2)(A)(i) does not define *crime involving moral turpitude*. Ms. Castillo-Torres relies on the Ninth Circuit's opinion in *Blanco v. Mukasey*, 518 F.3d 714 (9th Cir. 2008). That opinion held that giving false identification information to a police officer to mislead the officer or to evade proper identification was not a crime involving moral turpitude if the only "benefit" to giving the false statement was to impede law enforcement and not to obtain something tangible. *Id.* at 718–20. Ms. Castillo-Torres argues that the Utah

-6-

statutes do not require an intent to obtain anything tangible and therefore are not crimes of moral turpitude.

We are not persuaded. We have said that "[m]oral turpitude refers to conduct which is inherently base, vile, or depraved, contrary to the accepted rules of morality and the duties owed between man and man, either one's fellow man or society in general." *Wittgenstein v. INS*, 124 F.3d 1244, 1246 (10th Cir. 1997) (internal quotation marks omitted). A crime that requires fraud always involves moral turpitude. *See id.* (citing *Jordan v. De George*, 341 U.S. 223, 232 (1951)). And "almost all courts have held that intentionally deceiving the government involves moral turpitude." *Padilla v. Gonzales*, 397 F.3d 1016, 1020 (7th Cir. 2005) (internal quotation marks omitted).

Most importantly, the BIA has held that making false statements to government authorities with an intent to mislead them is turpitudinous. *See In re Jurado-Delgado*, 24 I. & N. Dec. 29, 35 (2006). We "must respect the interpretation of the agency to which Congress has delegated the responsibility for administering the statutory program." *INS v. Cardoza-Fonseca*, 480 U.S. 421, 448 (1987); *see Tapia Garcia v. INS*, 237 F.3d 1216, 1220–21 (10th Cir. 2001) (when statute is arguably subject to different interpretations, appellate court defers to BIA's interpretation if it is reasonable). In light of the Seventh Circuit's decision in *Padilla*, we cannot say that the BIA's construction of *moral turpitude* is unreasonable.

Ms. Castillo-Torres next contends that the record fails to show that she was convicted of making false statements at a preliminary hearing. She contends that one Utah court document indicates that she was convicted of giving a false statement at a preliminary hearing whereas another indicates that her conviction was for possession of a controlled substance. But she did not raise this argument before the BIA. Her failure to do so is a failure to exhaust administrative remedies and deprives us of jurisdiction to hear the claim on appeal. *See Rivera-Zurita v. INS*, 946 F.2d 118, 120 n.2 (10th Cir. 1991).

## III.

Ms. Castillo-Torres argues that her request for a continuance should have been granted because she had not been convicted of a crime involving moral turpitude and because she is the beneficiary of an approved immigrant visa petition. In *Yerkovich v. Ashcroft*, 381 F.3d 990, 995 (10th Cir. 2004), "[w]e h[e]ld that 8 U.S.C. § 1252(a)(2)(B)(ii) bars review of the IJ's discretionary decision denying petitioner's motion for a continuance." *See also* 8 C.F.R. § 1003.29 ("The Immigration Judge may grant a motion for continuance for good cause shown."). The Supreme Court, however, recently held that decisions made discretionary by regulation do not come within that statutory bar and are reviewable. *See Kucana v. Holder*, 130 S. Ct. 827, 831 (2010). "Because an IJ's discretion to deny a request for a continuance arises from a regulation,

8 C.F.R. § 1003.29, we possess jurisdiction to consider the denial of [Ms. Castillo-Torres's] motion for continuance under *Kucana*." *Hernandez v. Holder*, 606 F.3d 900, 903 (8th Cir. 2010); *accord Kwak v. Holder*, 607 F.3d 1140, 1143 (6th Cir. 2010).

We review the decision to deny Ms. Castillo-Torres a continuance for an abuse of discretion. *See Bauge v. INS*, 7 F.3d 1540, 1543 (10th Cir. 1993). Only if the decision "was made without a rational[] explanation, inexplicably departed from established policies, or rested on an impermissible basis," will we grant the petition for review. *Nunez-Pena v. INS*, 956 F.2d 223, 226 (10th Cir. 1992); *accord Umezurike v. Holder*, 610 F.3d 997, 1002 (7th Cir. 2010); *Kwak*, 607 F.3d at 1143–44.

Ms. Castillo-Torres has not made this showing. As discussed above, she has been convicted of crimes involving moral turpitude. Although her father, who is a United States citizen, filed an I-130 immigrant visa petition on her behalf and the petition was approved, the IJ was not required to grant a continuance on that ground. The approval of the petition merely placed her on a waiting list for a visa. *See United States v. Atandi*, 376 F.3d 1186, 1191–92 (10th Cir. 2004). Only after the immigrant visa became available could she seek adjustment of status. *See* 8 U.S.C. § 1255(i)(2)(B). Because Ms. Castillo-Torres did not have an immediately available visa, we conclude that the IJ did not abuse his discretion in denying a continuance based on his estimate that it would be approximately

three years before the immigrant visa became available. *See Chacku v. U.S. Att'y Gen.*, 555 F.3d 1281, 1286 (11th Cir. 2008) (IJ did not abuse his discretion in denying continuance because petitioner did not have immigrant visa immediately available).

## IV.

Finally, Ms. Castillo-Torres argues that she should have been allowed voluntary departure. But we lack jurisdiction to consider this claim because she asserts no legal or constitutional issue. *See* 8 U.S.C. § 1229c(f); *id.* § 1252(a)(2)(B)(i); *Ekasinta v. Gonzales*, 415 F.3d 1188, 1190 (10th Cir. 2005).

## CONCLUSION

We DENY Ms. Castillo-Torres's petition for review of the denial of cancellation of removal and the denial of a continuance. We DISMISS for lack of jurisdiction her argument concerning voluntary departure.

Entered for the Court

Harris L Hartz
Circuit Judge