19-367-ag
*Awawda v. Barr*

BIA
Conroy, IJ, Tsankov, IJ
A46 439 145

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of May, two thousand twenty.

PRESENT:     JOHN M. WALKER, JR.,
             DENNY CHIN,
             STEVEN J. MENASHI,
                     *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


RIBHI A. AWAWDA, AKA RIBHI AWAWDEH,
AKA REBHI AWAWDA, AKA RIBHI ABED
AWAWDA, AKA RIHHI EL ABED AWAWDEH,
                     *Petitioner*,

           -v-                                   19-367-ag

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
                     *Respondent*.


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PETITIONER:                         Amy Nussbaum Gell, Gell & Gell, New York, New York.

FOR RESPONDENT:                         Christin M. Whitacre, Trial Attorney (Holly M. Smith, Senior Litigation Counsel, *on the brief*), *for* Joseph H. Hunt, Assistant Attorney General, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioner Ribhi A. Awawda seeks review of a January 18, 2019 decision of the BIA affirming a July 26, 2018 decision of an Immigration Judge ("IJ") denying his motion to terminate removal proceedings and a September 7, 2018 decision of a different IJ ordering his removal. *In re Ribhi A. Awawda*, No. A046 439 145 (B.I.A. Jan. 18, 2019), *aff'g* No. A046 439 145 (Immig. Ct. N.Y. City July 26, 2018 & Sept. 7, 2018). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Awawda is a non-native, non-citizen who was accorded lawful permanent resident ("LPR") status in the United States in 1999. He was subsequently convicted twice, both times following a guilty plea, of tax evasion in violation of N.Y. Tax Law § 1814(a). On April 26, 2018, the Department of Homeland Security ("DHS") served Awawda with a Notice to Appear, charging him with removability pursuant to 8 U.S.C.

2

§ 1182(a)(2)(A)(i)(I) for having been convicted of a crime involving moral turpitude ("CIMT"). Awawda moved to terminate the removal proceedings on the ground that his convictions did not constitute CIMTs. He also applied for a waiver of inadmissibility under Immigration and Nationality Act ("INA") § 212(h), 8 U.S.C. § 1182(h), asserting that his removal would result in undue hardship to his LPR wife and their eight U.S. citizen children.

On July 26, 2018, an IJ held that Awawda's New York convictions were CIMTs and denied Awawda's motion to terminate removal. On September 7, 2018, a different IJ determined that Awawda was ineligible for relief under INA § 212(h) because his 2007 conviction was an aggravated felony under 8 U.S.C. § 1101(a)(43)(M)(ii). The BIA affirmed both decisions.

This appeal followed.

## I.    *Standard of Review*

We have reviewed both the IJs' and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). Our jurisdiction is limited to constitutional claims and questions of law because Awawda was ordered removed under 8 U.S.C. § 1182(a)(2)(A)(i)(I). *See* 8 U.S.C. § 1252(a)(2)(C), (D). We have jurisdiction to review whether Awawda's convictions qualify as aggravated felonies, and "[w]e review the BIA's interpretation of state or

3

federal criminal laws *de novo*." *See Vargas-Sarmiento v. U.S. Dep't of Justice*, 448 F.3d 159, 165 (2d Cir. 2006).

## II.  *Waiver*

We first consider the BIA's finding that Awawda's 2007 conviction constitutes an aggravated felony, as we hold this finding dispositive to both of Awawda's central challenges on appeal.

The Attorney General has discretion under the INA § 212(h) to waive certain grounds of inadmissibility.  8 U.S.C. § 1182(h).  An alien who has been convicted of an aggravated felony after having been admitted for lawful permanent residence in the United States, however, is ineligible for a waiver.  *Id.*  The INA defines aggravated felonies to include offenses "described in section 7201 of Title 26 (relating to tax evasion) in which the revenue loss to the Government exceeds $10,000."  8 U.S.C. § 1101(a)(43)(M)(ii).

It is undisputed that Awawda was admitted as a lawful permanent resident in 1999 and was convicted under N.Y. Tax Law § 1814(a) in 2007 and 2017. "When the [g]overnment alleges that a state conviction qualifies as an 'aggravated felony' under the INA," we employ a categorical approach "to determine whether the state offense is comparable to an offense listed in the INA." *Moncrieffe v. Holder*, 569 U.S. 184, 190 (2013).  The state and federal laws employ nearly identical language, and both apply to individuals who "willfully attempt[] in any manner to evade or defeat" certain

4

taxes or "payment thereof." 26 U.S.C. § 7201; *see* N.Y. Tax Law § 1814(a). The state law applies only to taxes on certain amounts of tobacco products. N.Y. Tax Law § 1814(a). The federal law applies to federal taxes and sweeps more broadly to reach both tobacco and non-tobacco taxes. *See* 26 U.S.C. § 7201 (reaching "any tax imposed by this title"); 26 U.S.C. § 5701 (imposing taxes on tobacco products).

We find no merit to the argument that the statutes are categorically different because one applies to evasion of state taxes and the other applies to the evasion of federal taxes.[1] A state offense is an aggravated felony "described in" a federal statute if it contains every element of the federal statute other than jurisdictional elements, such as elements requiring a connection to interstate or foreign commerce. *See Torres v. Lynch*, 136 S. Ct. 1619, 1631 (2016). The agency properly extended *Torres* to the present situation to conclude that state tax evasion in violation of N.Y. Tax Law § 1814(a) is comparable to federal tax evasion in violation of 26 U.S.C. § 7201, despite its application to evasion of state tobacco taxes, for the following reasons. First, as the

---

[1]  Awawda does not challenge the agency's conclusion that the loss to the state government in connection with his 2007 conviction exceeded § 1101(a)(43)(M)(ii)'s $10,000 threshold. The BIA erred to the extent that it suggested that both of Awawda's convictions were aggravated felonies because there were no factual findings regarding loss amount in connection with the 2017 conviction. But this error was harmless because only one aggravated felony was required to establish that Awawda was ineligible for a waiver. *See* 8 U.S.C. § 1182(h). For that reason and others, to the extent that Awawda now challenges the validity of his 2017 conviction, that argument is irrelevant. *See also Lanferman v. BIA*, 576 F.3d 84, 88 (2d Cir. 2009) (holding that criminal convictions are not subject to collateral attack in removal proceedings).

Supreme Court emphasized in *Torres*, "Section 1101(a)(43)'s penultimate sentence . . . provides: 'The term [aggravated felony] applies to an offense described in this paragraph whether in violation of Federal or State law and applies to such an offense in violation of the law of a foreign country for which the term of imprisonment was completed within the previous 15 years.'" *Id.* at 1626 (quoting 8 U.S.C. § 1101(a)(43)). Second, the "essential harm of the crime is the same irrespective" of whether it is the federal or state government that is deprived of tax revenues owed to it. *Id.* at 1629. Third, "Congress may have had good reason to think that a statutory reference would capture more accurately than a generic label the range of state convictions" qualifying as aggravated felonies because their elements are often disputed. *Id.* at 1633. Accordingly, "[t]he use of a federal statutory reference shows only that Congress thought it the best way to identify certain substantive crimes -- not that Congress wanted (in conflict with the penultimate sentence) to exclude state and foreign versions of those offenses . . . ." *Id.*

Although we also retain jurisdiction to review colorable constitutional claims, 8 U.S.C. § 1252(a)(2)(C), (D), Awawda's due process challenge to the agency's aggravated felony determination is meritless. To establish a due process violation in immigration proceedings, an alien must show that an error "impinged upon the fundamental fairness of the hearing." *United States v. Perez*, 330 F.3d 97, 101 (2d Cir. 2003); *see Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 104-05 (2d Cir. 2006) (noting that due

6

process requires "a full and fair opportunity to present . . . claims"). No notice of the aggravated felony issue was required because, contrary to his argument on appeal, Awawda carried the burden to establish his eligibility for a waiver. *See* 8 U.S.C. § 1229a(c)(4)(A); 8 C.F.R. § 1240.8(d). And even if notice was required, he received it -- at a hearing prior to the merits hearing, counsel for the DHS warned that Awawda must establish that his convictions were not aggravated felonies to be eligible for a § 212(h) waiver.[2]

## III. *Removability*

Awawda also contends that the BIA erred in affirming the IJ's finding that his convictions under N.Y. Tax Law § 1814(a) constitute CIMTs. Although numerous courts have concluded that intentionally depriving a government of tax revenues meets the statutory definition of a CIMT, *see, e.g., Carty v. Ashcroft*, 395 F.3d 1081, 1084 (9th Cir. 2005); *Wittgenstein v. INS*, 124 F.3d 1244, 1246 (10th Cir. 1997); *Costello v. INS*, 311 F.2d 343, 348 (2d Cir. 1962) *rev'd on other grounds*, 376 U.S. 120 (1964); *Tseung Chu v. Cornell*, 247 F.2d 929, 935-36 (9th Cir. 1957); *accord Matter of E-*, 9 I. & N. Dec. 421, 426 (BIA 1961); *Matter of M-----*, 8 I. & N. Dec. 535, 543-45 (BIA 1960); *Matter of W-----*, 5 I. & N. Dec. 759,

---

[2]     Awawda also argues that the agency relied on a 2009 conviction not in the record in reaching its aggravated felony determination. He is incorrect. The IJ referred (during the hearing, and not, as Awawda argues, in a decision) to a 2009 conviction, but it is clear from the transcript that the IJ misspoke and was referring to the 2007 conviction.

764 (BIA 1954), Awawda contends this precedent is no longer good law under

*Kawashima v. Holder*, 565 U.S. 478 (2012).

We need not, and do not, decide *Kawashima*'s impact on the CIMT analysis here because even assuming the BIA erred in its assessment, remand would be futile. Although a determination by this Court that the BIA's reasoning was "inadequate or improper" would typically render us "powerless to affirm the administrative action" on an alternate ground, *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947), we may do so where remand would be "futile," *Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir. 2007). Remand is futile where, *inter alia*, "the reviewing panel is confident that the agency would reach the same result upon a reconsideration cleansed of errors." *Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 107 (2d Cir. 2006). Because the commission of an aggravated felony renders an alien deportable just as a CIMT does, *see* 8 U.S.C. § 1227(a)(2)(A)(iii), the BIA's correct finding that Awawda was convicted of an aggravated felony rendered him removable regardless. We thus affirm his removal order on that basis.

## IV.    *Remaining Arguments*

Awawda's remaining arguments are unavailing because they are unexhausted and fail to state a colorable constitutional claim or question of law. *See* 8 U.S.C. § 1252(a)(2)(C), (D); *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007) ("[W]hen an applicant for . . . withholding of removal has failed to exhaust an

8

issue before the BIA, and that issue is, therefore, not addressed in a reasoned BIA decision, we are, by virtue of the 'final order' requirement of § 1252(d)(1), usually unable to review the argument.").   Awawda never argued that his status as a stateless Palestinian or the country conditions evidence in the record had any bearing on his removability or his eligibility for a § 212(h) waiver or other relief, and he never applied for any persecution-based relief; any such claims are therefore unexhausted.  *Lin Zhong*, 480 F.3d at 122; *see also Steevenez v. Gonzales*, 476 F.3d 114, 117 (2d Cir. 2007).  The Notice to Appear that Awawda claims was amended to add these allegations predates the Notice to Appear that became the operative charging document in these proceedings. Awawda's arguments regarding credibility are thus misplaced because the agency never made a credibility determination.

<center>*   *   *</center>

We have considered all of Awawda's remaining arguments and conclude they are without merit.  Accordingly, the petition for review is **DENIED**.

<div style="margin-left: 40%">
FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court
</div>

<center>9</center>